IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SCOTT A. EMERY, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 12-4276-CV-DPR |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1] | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits to Plaintiff Scott A. Emery in a decision dated November 15, 2011 (Tr. 9-21). The Appeals Council denied review. The ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 20 C.F.R. § 404.981. For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

### LEGAL STANDARDS

Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and argument are presented in the parties' briefs and will be duplicated only to the extent necessary. Plaintiff argues that the ALJ erred in assessing his Residual Functional Capacity (RFC) and in failing to obtain testimony from a medical expert regarding the onset of his disability (Doc. 9). The Court has thoroughly reviewed the claimant's medical records, opinion evidence, hearing testimony, and the ALJ's opinion, and finds no error in the RFC determination or the ALJ's finding that the claimant did not suffer from a disability prior to his date last insured.

First, the ALJ did not err in his RFC determination. He discussed in detail the treatment provided, objective medical findings, and subjective complaints of the claimant regarding the severity of his impairments prior to December 31, 2008. The ALJ also properly weighed the

2

medical opinions and gave good reasons for the weight afforded them. *See Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005) (quoting 20 C.F.R. § 404.1527(d)(2)). Furthermore, the ALJ's determinations are supported by evidence in the record.

Second, the Court finds no merit to the claimant's argument that the ALJ should have called a medical expert to testify regarding the onset of the claimant's disability. Such testimony is required only when the onset date of a degenerative disorder is ambiguous. *See Grebenick v. Chater*, 121 F.3d 1193, 1200-01 (8th Cir. 1997). The Court finds no such ambiguity here. The Court acknowledges that evidence exists in the record to show that the claimant's mental and physical health declined *after* his date last insured, December 31, 2008. In fact, he was awarded supplemental security income as of March 1, 2010. Substantial evidence on the record as a whole, however, does not demonstrate those severe impairments prior to the date last insured.

Therefore, despite the existence of some evidence in the record that might support the opposite conclusion, the Court finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Taken together, the ALJ's determinations fall within the acceptable "zone of choice" of the finder of fact, to which the Court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:  March 18, 2014**

                                               /s/ *David P. Rush*
                                               **DAVID P. RUSH**
                                               **United States Magistrate Judge**